| SHERIFF'S ENTRY OF SERVICE | SC-85-2 | CLYDE CASTLEBERRY CO. COVINGTON GA 300-- |

Civil Action No **06VS095793U**

Date Filed **3/31/06**

| | |
|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☒ | Probate Court ☐ |
| Juvenile Court ☐ | |

Georgia, **Fulton** COUNTY

Attorney's Address
**Darrell T Farr
4920 N Henry Blvd
Stockbridge, GA 30281**

Name and Address of Party to be Served
**House of Blues Concerts, Inc.
c/o Corporation Service Company
40 Technology Pkwy. South, #300
Norcross, GA 30092**

**David Oppenheimer**
                                                                Plaintiff

vs

**House of Blues Concerts, Inc.**
                                                                Defendant

                                                                Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County

Delivered same into hands of _____ described as follows age, about _____ years, weight _____ pounds, height about _____ feet and _____ inches, domiciled at the residence of defendant

**CORPORATION** ☒ Served the defendant **House of Blues Concerts** a corporation by leaving a copy of the within action and summons with **CSC Erica Tillery PC** in charge of the office and place of doing business of said Corporation in this County

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court

This **19** day of **4** 20 **06**

1/30

_____ 27
                                                                DEPUTY

SHERIFF DOCKET _____ PAGE _____

☑ PAID
☑ DEFENDANTS
☐ MARS SV.

MAR 3 1 2006

36V80957936

DO NOT WRITE IN THIS SPACE

2006 MAR 31 AM 8:06

CLERK ...
FULTON ... COUNTY GEORGIA

**GEORGIA**
**FULTON COUNTY**

**STATE COURT OF FULTON COUNTY**
(Civil Division)

David Oppenheimer
C/o Ausband + Farr, 4920 N. Henry
Blvd, Stockbridge, GA 30281
(Plaintiff's Name and Address)

vs.

House of Blues Concerts, Inc.
C/o Corporation Service Company,
40 Technology Parkway South, #300
(Defendant's Name and Address)
Norcross, GA 30092

**SUMMONS**

| TYPE OF SUIT | AMOUNT OF SUIT | |
|---|---|---|
| ☐ Account | Principal | $ |
| ☐ Contract | | |
| ☐ Note | Interest | $ |
| ☐ Tort | | |
| ☐ Trover | Atty Fees | $ |
| ☐ Special Lien | | |
| ☐ Foreign Judgment | Ct. Costs | $ |
| ☒ Personal Injury | | |

**TO THE ABOVE NAMED-DEFENDANT:**
You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Darrell T. Farr, Ausband + Farr
(Name)
4920 N. Henry Blvd., Stockbridge, GA
(Address)                               30281
678-593-3000
(Phone No.)

☒ NEW FILING
☐ REFILING
PREVIOUS CASE NO. _____

an answer to the complaint which is herewith served on you, within (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action.

This _____                    _____ 3/31/06
                                              Deputy Clerk

**WRITE VERDICT HERE**

We, the jury, find for _____

_____

This _____ day of _____, 20 ____.

_____
Foreperson

(Staple to front of ORIGINAL complaint)

14-011-894



IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| DAVID OPPENHEIMER, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v | _____ |
| HOUSE OF BLUES CONCERTS, INC., | |
| Defendant. | |

## COMPLAINT FOR MONETARY DAMAGES FOR PERSONAL INJURIES

COMES NOW, David Oppenheimer, Plaintiff, and files this Complaint for Monetary Damages for Personal Injuries against House of Blues Concerts, Inc., Defendant, and shows the Court as follows.

### JURISDICTION AND VENUE

1.

Defendant is a foreign corporation and can be served with process by and through its registered agent, Corporation Service Company, at the address of 40 Technology Parkway South, #300, Norcross, GA 30092.

2.

Defendant owns and operates the HiFi Buys Amphitheatre located at the address of 2002 Lakewood Way, Atlanta, Fulton County, Georgia 30315 and transacts business in Fulton County, Georgia

3

The act of negligence giving rise to this action occurred in Fulton County, Georgia.

4.

Venue and jurisdiction are proper in this Court.

## FACTS

5.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

6.

Defendant owns and operates HiFi Buys Amphitheatre.

7.

Defendant presented a music concert by the band known as "The Dead" at the HiFi Buys Amphitheatre on August 20, 2004, for which Defendant sold tickets and charged admission. Plaintiff purchased a ticket for and attended this event.

8.

After the conclusion of the concert, Plaintiff was physically attacked while on the premises of the HiFi Buys Amphitheatre and was severely beaten for an extended period of time by a number of persons wielding beverage bottles.

9.

There were no security personnel present during the period of time that the attack on Plaintiff occurred. A law enforcement official later arrived on the scene, but only in response to a 911 call and long after the attack was over and the attackers had disbursed.

10.

At all times relevant hereto, Plaintiff was a business invitee and was permitted and authorized to be on Defendant's premises by virtue of the fact that he had purchased and

possessed a ticket for the concert.

11.

At all times relevant hereto, Plaintiff behaved in a reasonable manner and did nothing to provoke the attack.

12.

As a result of the attack, Plaintiff suffered and continues to suffer serious and debilitating personal injuries, and is entitled to recover for his present and future pain and suffering, medical expenses, lost wages, property damage, and any other general and special damages incurred pursuant to the attack.

## COUNT I

## NEGLIGENCE

13.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

14.

Defendant owed Plaintiff a duty to exercise ordinary care in keeping its premises and approaches safe, which duty Defendant breached.

15

Defendant had reason to anticipate and foresee that violent or unruly behavior could occur on its premises, and also had reason to anticipate and foresee that the quality and level of security was inadequate or insufficient.

16

Defendant had a duty to exercise ordinary care to guard Plaintiff against injury arising from violent or unruly behavior occurring on its premises, which duty Defendant breached.

17.

Defendant had superior knowledge than Plaintiff regarding the possibility of violent or unruly behavior on its premises and regarding the fact that the quality and level of security was inadequate or insufficient, which constituted an unreasonable risk of harm for Plaintiff.

18.

Plaintiff exercised due care for his own safety at all times and did not voluntarily expose himself to attack or other violent behavior.

19.

Defendant is liable for the attack on Plaintiff and his resulting personal injuries and damages under the theory of negligence.

## COUNT II

## RESPONDEAT SUPERIOR

20.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

21.

The security personnel on duty the night of the incident were employed by or acting as agents for Defendant, were acting within the course and scope of their employment or agency, and were furthering the business interests of Defendant.

22.

Defendant is liable for the actions of its employees or agents and for Plaintiff's resulting damages under the theory of respondeat superior.

## COUNT III

## NEGLIGENT HIRING AND RETENTION

23.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

24.

The security personnel on duty the night of the incident were unsuited for their duties of employment, did not have the proper training and background to effectively perform their duties of employment, and did not properly perform their duties of employment.

25.

The physical attack on Plaintiff and his resulting personal injuries were the direct result of the fact that Defendant's employees or agents were unsuited for their duties of employment, did not have the proper training and background to effectively perform their duties of employment, and did not properly perform their duties of employment.

26.

Defendant was aware of the fact that its security personnel were unsuited for their duties of employment or, by the exercise of ordinary care, should have been aware of this fact. Defendant nevertheless hired and continued to employ these employees or agents

27.

Plaintiff was not aware that the security personnel on duty at the time of the subject incident were unsuited for their duties of employment, could not have known of this situation by the exercise of ordinary care, and did not have equal means with Defendant for acquiring such knowledge.

28.

Defendant is liable for the actions of its employees or agents and Plaintiff's resulting personal injuries and damages under the theory of negligent hiring and retention.

## COUNT IV

## PUNITIVE DAMAGES

29.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

30.

Plaintiff is entitled to recover punitive damages from Defendant because Defendant's actions, as enumerated herein, show willful misconduct, malice, fraud, wantonness, oppression and an entire want of care that raises the presumption of conscious indifference to the consequences.

WHEREFORE, Plaintiff prays that his case be heard by a jury, that he be permitted to recover the full measure of his damages as set forth herein, and that he be granted any further relief that the Court or jury may deem appropriate.

Respectfully submitted,

AUSBAND & FARR

*[signature]*

Andrew C. Ausband
Ga. Bar No. 028602

*[signature]*

Darrell T. Farr
Ga. Bar No. 255431

4920 North Henry Boulevard
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **Notice of Removal** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly addressed to the following:

>Andrew C. Ausband
>Darrell T. Farr
>AUSBAND & FARR
>4920 N. Henry Boulevard
>Stockbridge, Georgia 30281

This 19th day of May, 2006.

_____
Matthew P. Lazarus