FILED IN ... OFFICE

MAY 19 2006

LUTHER D. THOMAS, Clerk
By: /s/ White
Deputy Clerk

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID OPPENHEIMER | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO. |
| HOUSE OF BLUES CONCERTS, INC. | ) 1:06-CV-1198 |
| | ) |
| Defendant | ) |

## ANSWER OF DEFENDANT HOUSE OF BLUES CONCERTS, INC.

COMES NOW Defendant House of Blues Concerts, Inc. and in response to plaintiff's complaint files this its answer and shows in defense the following:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against this defendant upon which relief may be granted.

### SECOND DEFENSE

Any damages sustained by plaintiff were the result of the acts or failures to act of a person or persons or entity or entities other than this defendant.

### THIRD DEFENSE

If this defendant acted or failed to act as alleged in the complaint, which allegations this defendant specifically denies, there were separate and intervening acts or failures to act on the part of persons or entities other than this defendant, or any of

its agents or employees, which were the sole proximate cause of any damages sustained by plaintiff.

## FOURTH DEFENSE

Plaintiff's damages were caused by the intervening criminal and tortious acts of a party or parties not named in this action and accordingly plaintiff may not recover from this defendant.

## FIFTH DEFENSE

Plaintiff was negligent and his negligence was equal to or greater than any alleged negligence on the part of this defendant, this defendant specifically denying that it was negligent in any manner.

## SIXTH DEFENSE

Plaintiff was negligent and such negligence proximately contributed to any damages plaintiff may have sustained.

## SEVENTH DEFENSE

Any damages sustained by plaintiff were caused by an unforeseeable intervening third party tortfeasor.

## EIGHTH DEFENSE

The injuries alleged, if any, were the result of plaintiff's assumption of risk.

NINTH DEFENSE

The claim for punitive damages in this case violates the Eighth, Thirteenth, and Fourteenth Amendments of the Constitution of the United States of America.

TENTH DEFENSE

The claim for punitive damages in this case violates Article I, Section I, paragraphs I, II, and XVII of the Constitution of the State of Georgia.

ELEVENTH DEFENSE

Responding to the individual allegations of the complaint, this defendant answers as follows:

1.

The allegations of this paragraph are admitted.

2.

The allegations of this paragraph are denied as phrased. This defendant admits that it manages and has an ownership interest in the HiFi Buys Amphitheater located at 2002 Lakewood Way, Fulton County, Georgia, and that it transacts business in Fulton County.

3.

The allegations of this paragraph are denied as phrased, and this defendant specifically denies that it, or any of its employees or agents, was negligent in any manner.

4.

The allegations of this paragraph are denied.

5.

In response to this paragraph, this defendant repeats and realleges each of its affirmative defenses and responses to paragraphs 1 through 4 as fully as if set forth verbatim herein.

6.

The allegations of this paragraph are denied as phrased. This defendant admits that it manages and has an ownership interest in the HiFi Buys Amphitheater located at 2002 Lakewood Way, Fulton County, Georgia, and that it transacts business in Fulton County.

7.

This defendant admits that it presented a music concert by the band known as "The Dead" at the HiFi Buys Amphitheater on August 20, 2004, for which it sold tickets and charged admission. This defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and accordingly can neither admit nor deny the same.

8.

This defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and accordingly can neither admit nor deny the same.

9.

This defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and accordingly can neither admit nor deny the same.

10.

This defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and accordingly can neither admit nor deny the same.

11.

This defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and accordingly can neither admit nor deny the same.

12.

To the extent the allegations of this paragraph express or infer any alleged negligence against this defendant, such allegations are denied. This defendant specifically denies plaintiff is entitled to any recovery from this defendant. This defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations in this paragraph and accordingly can neither admit nor deny the same.

## COUNT 1

## NEGLIGENCE

13.

In response to this paragraph, this defendant repeats and realleges each of its affirmative defenses and responses to paragraphs 1 through 12 as fully as if set forth verbatim herein.

14.

The allegations of this paragraph are denied.

15.

The allegations of this paragraph are denied.

16.

The allegations of this paragraph are denied.

17.

The allegations of this paragraph are denied.

18.

This defendant is without knowledge or information sufficient to form a belief as to the allegations in this paragraph and accordingly can neither admit nor deny the same.

19.

The allegations of this paragraph are denied.

## COUNT II

### RESPONDEAT SUPERIOR

20.

In response to this paragraph, this defendant repeats and realleges each of its affirmative defenses and responses to paragraphs 1 through 19 as fully as if set forth verbatim herein.

21.

The allegation of this paragraph assert a legal conclusion to which no response from this defendant is required. To the extent any legal response may be required, the allegations of this paragraph are denied.

22.

The allegations of this paragraph are denied, and this defendant specifically denies that it, or any of its employees or agents, was negligent in any manner.

## COUNT III

### NEGLIGENT HIRING AND RETENTION

23.

In response to this paragraph, this defendant repeats and realleges each of its affirmative defenses and responses to paragraphs 1 through 23 as fully as if set forth verbatim herein.

24.

The allegations of this paragraph are denied.

25.

The allegations of this paragraph are denied.

26.

The allegations of this paragraph are denied.

27.

The allegations of this paragraph are denied.

28.

The allegations of this paragraph are denied.

## COUNT IV

### PUNITIVE DAMAGES

29.

In response to this paragraph, this defendant repeats and realleges each of its affirmative defenses and responses to paragraphs 1 through 28 as fully as if set forth verbatim herein.

30.

The allegations of this paragraph are denied.

31.

In response to the complaint as a whole, including, without limitation any allegations contained in the prayer for relief clause, this defendant denies any allegations except those specifically admitted herein.

WHEREFORE, having fully responded to the complaint, this defendant prays:

(a) that its defenses be inquired into and that the same be sustained;

(b) that it have judgment in its favor and against the plaintiff;

(c) that all costs be taxed against the plaintiff;

(d) that this Court enter such other and further relief as it deems just and proper under the circumstances;

(e) that a pre-trial hearing be held; and

(f) that trial by jury of twelve be had.

This 19th day of May, 2006.

                              SOMMERS, SCRUDDER & BASS LLP

                              */s/ Matthew P. Lazarus*
                              Matthew P. Lazarus
                              Georgia Bar No. 441590
                              Teddy L. Sutherland
                              Georgia Bar No. 693189
                              Attorneys for Defendant
                              House of Blues Concerts, Inc.

900 Circle 75 Parkway
Suite 850
Atlanta, Georgia  30339-3053
mlazarus@ssblaw.net
tsutherland@ssblaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **Answer of Defendant House of Blues Concerts, Inc.** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly addressed to the following:

>Andrew C. Ausband
>Darrell T. Farr
>AUSBAND & FARR
>4920 N. Henry Boulevard
>Stockbridge, Georgia 30281

This 19th day of May, 2006.

_____
Matthew P. Lazarus